UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE CRESS,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | Civil No.: 13cv1234-JAH<br>Criminal No.: 10cr1862-JAH<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

## **INTRODUCTION**

This matter comes before the Court on Petitioner Richard Lee Cress's ("petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 68. The motion has been fully briefed. *See* Doc. Nos. 84, 95, 97. Under Rule 4 of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing § 2255 Proceedings; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). Having thoroughly considered the parties' briefing, the relevant record, and, in accordance with Rule 4, the Court finds oral argument unnecessary, and hereby **DENIES** petitioner's motion.

//

//

1

## BACKGROUND

On September 30, 2011, petitioner, with the advice and consent of counsel, signed a plea agreement, admitting that he assaulted a Federal Officer in violation of 18 U.S.C. §§ 111(a) and (b). *See* Doc. Nos. 36, 37. Specifically, petitioner admitted as "true and undisputed" that on or about April 14, 2010, at the San Ysidro Port of Entry to the United States, he recklessly, and with extreme indifference to human life, forcibly assaulted U.S. Customs and Border Protection Officer J. Aguirre by driving a vehicle in reverse at high speed in the direction of Officer Aguirre. *See* Doc. No. 37 at 3-4.

On October 6, 2011, this Court held a change of plea hearing. *See* Doc. No. 95-1. During the hearing, petitioner affirmed that he discussed the plea agreement with his attorney, initialed every page of the plea agreement, and signed the plea agreement. *Id*. at 117-18. Moreover, this Court inquired whether petitioner fully understood the agreement, had sufficient time to review the agreement, and understood all the terms of the plea agreement. *Id*. at 18. Petitioner answered all of these questions in the affirmative. *Id*. Following the Rule 11 colloquy, which included advisal of all constitutional rights, and the maximum penalties, and that he was giving up those rights, petitioner affirmed that he wanted to plead guilty. *Id*.

On March 10, 2014, petitioner was sentenced to 57 months in custody followed by 3 years of supervised release. *See* Doc. No. 29. Judgment was entered on March 13, 2014. *See* Doc. No. 30. Then, on May 19, 2014, petitioner, proceeding *pro se*, filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No 31. Thereafter, on June 12, 2014, petitioner filed a supplemental brief in support. *See* Doc. No. 33. On December 23, 2014, Respondent United States of America ("respondent") timely filed a response in opposition. *See* Doc. Nos. 41, 42, 45.

//
//
//
//

2

# DISCUSSION

## 1. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir.2005).

Ineffective assistance of counsel is a grounds for § 2255 relief. *See Massaro v. United States*, 583 U.S. 500, 502 (2003). Under the Sixth Amendment, a criminal defendant is guaranteed the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984) ("*Strickland*"). To demonstrate ineffective assistance, a petitioner must establish that (1) counsel's performance was deficient and (2) the defendant was prejudiced as a result of that deficient performance. *Id.* at 687.

To establish deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Counsel's representation must fall below an objective standard of reasonableness. *Id.* at 687–88. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

To establish prejudice, a petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner has the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694-96. If the petitioner fails to meet its burden, or, if "it plainly appears" from the motion, attached exhibits, and record of prior proceedings that the prisoner is not entitled to relief, the district court may *sua sponte* dismiss the § 2255 motion. *See* Rule 4 of the Rules Governing § 2255 Proceedings; *Blaylock*, 20 F.3d at 1465. Thus, when a

"movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal[,]" the "district court may deny a section 2255 motion without an evidentiary hearing." *See United States v. Mejia-Mesia*, 153 F.3d 925, 931 (9th Cir. 1998) (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). Moreover, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," a court may examine the prejudice component without determining whether counsel's performance was deficient. *Strickland*, 466 U.S. at 697.

**2.    Analysis**

As a threshold matter, the Court is aware that petitioner was released from Bureau of Prisons custody on June 6, 2014. Accordingly, petitioner's motion to vacate, set aside, or correct his sentence must be **DENIED AS MOOT**. *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999) ("[A] defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] . . . claim the right to be released from custody."). Nevertheless, even if petitioner was still in custody, this Court would **DENY** his claim for ineffective assistance of counsel for failure to meet his *Strickland* burden. *Strickland*, 466 U.S. at 687; *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

Petitioner's ineffective assistance claims arise from two underlying grievances. *See* Doc. No. 97 at 2-3. *First*, from petitioner's perception that counsel was disinterested in recovering his property seized by the government; and, *second*, because petitioner "felt pressured into signing the plea agreement." *Id*. at 2, 5.

With respect to the property seized, petitioner contends that "over the course of several months[,] . . . counsel was difficult to contact[,] seldom visit[ed], [and] [i]n the few attorney/client consultations that took place . . . . neither Mr. Rexrode, [n]or Mr. Stewart showed any real interest in recovering Petitioner's property[.]" *See* Doc. No. 97 at 2. Petitioner reaches this conclusion despite counsel's assurance, "on more than one occasion[,]" that they were "looking into the property and money seized [by the

4

Civil No.: 13cv1234-JAH
Criminal No.: 10cr1862-JAH

government]." *Id*. at 2. Petitioner has not shown how counsel's performance was deficient on this issue.

With respect to signing the plea agreement under pressured conditions, petitioner first alleges that—

> Counsel for the defendant did not seriously investigate, explore or attempt to apprise Defendant as to all facts and law relevant to his decision to plead guilty. Had Mr. Cress be fully advised, and had counsel competently explained all options to Defendant and then exhaustively pursued all avenues besides advising Defendant into a plea agreement, there is a reasonable probability that Defendant would not have pled guilty and proceeded to trial. But for counsel's unprofessional error(s), there is a reasonable probability that the outcome of the proceeding would have been different. Defendant will be more specific in his memorandum in support of 2255.

*See* Doc. No. 68 at 7. In a separate filing, petitioner elaborates that, on September 30, 2011, "at about 4:15 p.m.," he was told that his attorney was waiting for him in the visiting room. Doc. No. 97 at 2. Upon entering the visiting room, counsel informed petitioner that the government extended a plea offer. *Id*. Petitioner recounts that counsel explained the plea agreement to him, and that he "briefly read each page." *Id*. Thereafter, petitioner communicated his desire to "take the plea agreement and discuss it" with family, then discuss it again with counsel "on the following week." *Id*. Counsel then informed petitioner that the government's offer was conditioned upon his express agreement no later than 5:00 p.m. that same day, otherwise, the offer would expire and the government would proceed with trial. *Id*. Petitioner felt pressured by this. *Id*. Ultimately, petitioner signed the agreement, but initialed several pages with the initials NA,[1] indicating that the information on those pages "was not applicable to my understanding." *Id*.

---

[1] Petitioner explains that he initialed pages 2 through 13 with the "NA" mark, specifically, because he did not want to waive his right to forfeiture and his appeal rights. *See* Doc. No. 97 at 3.

5

After a careful review of the entire record on this matter, the Court finds that even if petitioner's allegations are true, "such 'pressure' does not constitute constitutionally deficient performance." *See e.g. United States v. Kwon*, 122 Fed. Appx. 351, 352 (9th Cir. 2005) (holding that petitioner was not denied effective assistance of counsel as result of counsel's alleged pressure on defendant to plead guilty, where alleged pressure consisted of telling defendant that it would be better for his family and that he would not prevail if he went to trial) (citing *Strickland*, 466 U.S. at 688-89).

Indeed, under *Strickland*, "a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" 466 U.S. at 687 (quoting *McMann*, 397 U.S. at 770-71). In other words, a convicted defendant must show that, in light of all the circumstances, "counsel's representation[s] fell below an objective standard of reasonableness." *Id*. at 688. Furthermore, "judicial scrutiny of counsel's performance must be highly deferential." *Id*. Consequently, to overturn the "strong presumption" that counsel rendered constitutionally adequate assistance, *Harrington v. Richter*, 562 U.S. 86, 103 (2011), petitioner must demonstrate that the challenged action, inaction, or advice cannot reasonably be considered sound strategy under the circumstances. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1115 (9th Cir. 2006); *Lord v. Wood*, 184 F.3d 1083, 1085 (9th Cir.1999).

Here, petitioner offers only self-serving, after-the-fact, speculation that he would have rejected the offer presented he had been better advised and/or was provided more time to consider the government's offer. *See generally* Doc. Nos. 68, 97. It is clear that petitioner told the Court, during the Rule 11 colloquy, that he had sufficient time to review the plea agreement and understood its terms. *See* Doc. No. 95-1 at 117-18. Additionally, petitioner does not present facts or circumstances to suggest that petitioner would have rejected the plea offer if he were advised to his satisfaction or was provided more time to consider it. Furthermore, petitioner would still have to convince the Court that either (1) the government would have offered, he would have accepted, and the Court would have

6

honored a plea agreement calling for a shorter term of imprisonment; or (2) petitioner would have gone to trial and the jury would have acquitted him, or at least been unable to reach a verdict. Petitioner attempts no such showing, and, therefore fails to show *Strickland* prejudice.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion to vacate, set aside, or correct his sentence, [doc. no. 68], is **DENIED AS MOOT**;

2. Petitioner's motion for updated an updated status on ECF. No. 68, [doc. no. 101], is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: August 21, 2017

_____
JOHN A. HOUSTON
United States District Judge